## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRISTINE K. NOWAK**  )<br>)<br>)<br>**Plaintiff,**  )<br>)<br>**v.**  )<br>)<br>**BRIAN J. HART,**  )<br>)<br>**Defendant.**  )<br>) | Case No. 20-cv-02636-EFM-GEB |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant's January 22, 2021 Motion to Extend Time to Respond to the Complaint.[1] Plaintiff filed her Objections to Defendant's Motion for Extension of Time on January 27, 2021,[2] and Defendant did not file a reply. This matter is ripe for decision. For the reasons stated below, the Court **GRANTS** the Defendant's Motion.

### I.  Nature of the Case

This case arises out of allegations of misappropriation of trust funds related to the Roberta A. Hart Revocable Trust ("Trust"). The Trust was established March 10, 2004 under the laws of Kansas with its principal place of administration in Kansas.[3] Roberta A. Hart's assets were devised to the Trustee of the Trust by her Last Will and Testament,

---

[1] ECF No. 8.
[2] ECF No. 9.
[3] ECF No. 1, ¶ 8.

1

which was admitted to probate in Brevard County, Florida in January of 2009.[4] Plaintiff brings this diversity action in the District of Kansas. She is a citizen of Kansas and Defendant is a citizen of Florida.[5] The lawsuit claims damages of approximately $300,000.00.[6] Plaintiff, a grandchild of the decedent brings claims of: 1) breach of trust; 2) breach of fiduciary duty; 3) constructive fraud; and 4) punitive damages based on a knowing violation of duty of care.[7]

According to Plaintiff, distribution of trust funds were to be payable to her when she reached the age of 25 and 30 respectively.[8] Plaintiff contends she has attempted to contact Defendant to inquire about her distribution and he has neither responded, nor has he issued her trust disbursement.[9]

**II.  Discussion**

As noted above, Defendant seeks an extension of time to respond to the Complaint. This matter was filed on December 15, 2020.[10] At one point, Defendant purportedly had counsel in Florida, but on January 11, 2021, he filed a *pro se* Motion for Extension of Time to File Answer[11] which the undersigned granted.[12]

---

[4] *Id.*
[5] *Id.*, ¶ 1-2.
[6] *Id.*, ¶. 17.
[7] *Id.*, ¶ 20-45.
[8] *Id.*, ¶ 13.
[9] *Id.*, ¶ 14-15.
[10] ECF No. 1.
[11] ECF No. 6.
[12] ECF No. 7.

Defendant's basis for seeking additional time includes the inability to retain local counsel due to an extreme health emergency, his subsequent hospitalization, and post op care.[13]  Nevertheless, Defendant has assured the court he is taking this lawsuit seriously.[14]

Plaintiff opposes the request for technical reasons, including Defendant's pleadings do not fully comply with D. Kan 5.1(b), 5.1(c)(1), and 6.1(a)(2) and Plaintiff risks potential depletion of the trust assets if Defendant further delays in filing his Answer.[15]

While the court is sensitive to Plaintiff's position, it cannot ignore the Defendant's representations with regard to his health, as well as his difficulty in seeking local counsel. Further, it is not unusual for a party, at the outset of a case to require additional time to formally respond.

The technical requirements complained of by Plaintiff with regard to Defendant's failure to include in his motion: 1) his actual signature;[16] 2) inclusion of his name, address, telephone numbers, and email address within the pleadings;[17] and 3) the requirement of his pleadings indicating when it was first due.[18] While important to the court, this information can largely be found within the official docket in this case. In addition, Plaintiff's own correspondence[19] provides the Defendant's physical address and his email address. And,

---

[13] ECF No. 8.
[14] *Id.*
[15] Plaintiff's Objection to Defendant's Motion for Extension of Time, ¶ 1, 8.
[16] D. Kan. 5.1(b)
[17] D. Kan. 5.1(c)(1)
[18] D. Kan. 6.1(a)(2)
[19] ECF No. 8-1.

since Defendant proceeds *pro se*, his pleadings must be construed liberally.[20] That said, the undersigned cannot stress enough; at the outset, the importance of parties being in full compliance of the federal rules. But under the circumstances here, the undersigned will not hold such a rigid approach.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Extension of Time to Respond to the Complaint is **GRANTED**. Defendant shall file his Answer to the Complaint no later than the **15th Day of March 2021**. The Defendant shall further, be on notice that additional requests for extension of time to <u>answer</u> will not be favored by this court

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 11th day of February, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate

---

[20] *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1024 (10th Cir. 2012) (citing *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007)); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).