IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTINE K. NOWAK | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-cv-02636-EFM-GEB |
| | ) |
| BRIAN J. HART, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Application for Fees ("Application").[1] The Court granted in part and denied in part Plaintiff's Second Motion to Compel and Request for Sanctions ("Motion to Compel"), and set deadlines for Plaintiff to file her Application and Defendant's response to same.[2] Plaintiff timely filed her Application but Defendant failed to file a response. This matter is now ripe for decision. For the reasons stated below, the Court **GRANTS** the Plaintiff's Application.

**I.    Nature of the Case**

This case arises out of allegations of misappropriation of trust funds related to the Roberta A. Hart Revocable Trust ("Trust"). The Trust was established March 10, 2004 under the laws of Kansas with its principal place of administration in Kansas.[3] Roberta A. Hart's assets were devised to the Trustee of the Trust by her Last Will and Testament,

---

[1] ECF No. 40.
[2] ECF No. 39.
[3] ECF No. 1, ¶ 8.

1

which was admitted to probate in Brevard County, Florida in January of 2009.[4] Plaintiff brings this diversity action in the District of Kansas. She is a citizen of Kansas and Defendant is a citizen of Florida.[5] The lawsuit claims damages of approximately $300,000.00.[6]

**II.   Discussion**

Plaintiff's Application seeks an award of $3,213 for 8.8 hours of time counsel spent in the preparation of Plaintiff's Motion to Compel and her Application. The award of attorney's fees in a diversity case such as this is governed by Kansas law.[7] The determination of the "reasonable value of attorney's fees lies within the sound discretion" of the Court.[8] Kansas law views the Court "as an expert on the issue of attorney fees."[9] The Court can "draw on and apply its own knowledge and expertise in determining their value."[10] To determine the amount of an attorney's fee award, Kansas courts calculate a "lodestar" fee amount by multiplying a reasonable hourly rate by a reasonable number of hours.[11] The Court "may then adjust that number to account for the eight factors[12] set out

---

[4] *Id.*
[5] *Id.*, ¶ 1-2.
[6] *Id.*, ¶ 17.
[7] *Kansas Penn Gaming, LLC v. HV Properties of Kansas, LLC*, 790 F. Supp. 2d 1307, 1311 (D. Kan.2011), *aff'd,* 662 F.3d 1275 (10th Cir. 2011) (citing *King Resources Co. v. Phoenix Resources Co.,* 657 F.2d 1349, 1353 (10th Cir. 1981).
[8] *Kansas Penn Gaming* at 1315. *See also Heavy Petroleum Partners, LLC v. Atkins,* No. 09-1077-EFM, 2013 WL 6858509, at *1 (D. Kan. Dec. 30, 2013) (citing *Link, Inc. v. City of Hays,* 268 Kan. 372, 381 (2000)).
[9] *Heavy Petroleum Partners* at *1 (citing *Link, Inc.* at 382).
[10] *Snider v. American Family Mut. Ins. Co.,* 45 Kan.App.2d 196, 200 (2011).
[11] *Sheldon v. Vermonty*, 237 F.Supp.2d 1270, 1274 (D. Kan. 2002) (citing *Naff v. Davol, Inc.,* 28 Kan.Appp.2d 726, 729 (2001)).
[12] The factors to be considered in determining the reasonableness of a fee include the following:

in Rule 1.5 of the Kansas Rules of Professional Conduct."[13] However, frequently no adjustment is need as the factors in Rule 1.5 are the factors on which the initial, lodestar calculation is made.[14] Once the lodestar amount is established, it's presumed to be a reasonable.[15]

### a. Reasonable Hourly Rates

The attorneys who worked on the Motion to Compel and court ordered Application are Robert J. Haupt and Rhett M. Buchmiller of Lathrop GPM, LLP ("Lathrop"). Lathrop is a national firm with offices in 15 cities across the United States including Kansas City, Missouri where Mr. Haupt, a partner and Mr. Buchmiller, an associate work. Mr. Haupt's billing rate is $495/hour and Mr. Buchmiller's billing rate is $240/hour. Mr. Haupt is admitted to practice in thirteen states plus the District of Columbia, trying cases in more than 30 states and U.S. territories. Mr. Buchmiller is licensed in Missouri where he worked for the Missouri Attorney General's Office before joining Lathrop. Based upon the Court's knowledge of fee rates in the Kansas City, Missouri area and the experience counsel bring

---

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.
 KRPC 1.5.
[13] *Sheldon* at 1274.
[14] *Id.* (citing *Shrout v. Holmes,* No. 00-2069-KHV, 2001 WL 980280, at *2 (D. Kan. Aug. 10, 2001).
[15] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

this matter, the Court finds both Mr. Haupt's and Mr. Buchmiller's fee rates to be reasonable.

### b. Reasonable Hours

The burden is on the moving party to prove the hours billed are reasonable by "submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[16] The Court has reviewed the time records submitted in the Application and find they meet his requirement. After ensuring the Court has sufficient time records, it must ensure the movants exercised "billing judgment" meaning they winnowed the "hours actually expended down to the hours reasonably expended."[17] The Court finds the movants appropriately winnowed down their hours, not charging for general, procedural research and their communications with Mr. Hart and further used Mr. Buchmiller, whose time was billed at a lower rate, appropriately.

Looking at the factors in KRPC 1.5, the movants billed 7.8 hours in the preparation and filing of the Motion to Compel, preparation of the proposed order on same, and consideration of next steps if Defendant failed to respond to the Motion to Compel. They spent an additional hour in the preparation of the Application.[18] The issues in the Motion

---

[16] *Sheldon* at 1275 (quoting *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1273, 1249 (10th Cir. 1998).
[17] *Sheldon* at 1275 (quoting *Ramos v. Lamm,* 713 F.2d 546, 553 (10th Cir. 1983)).
[18] Attorney fees incurred in litigating the amount of attorney fees to be awarded, *i.e.,* fees for fees, are recoverable under Kansas law. *Snider* at 211. See also *Johnson v. Westhoff Sand Co., Inc.,* 281 Kan. 930, 953 (2006).

to Compel and Application were neither novel nor particularly difficult. Mr. Buchmiller appears to have been the primary drafter of the motion with Mr. Haupt involved in review, while Mr. Haupt was the drafter of the Application. Counsel are more than qualified to prepare such a motion and Application and the Court finds the number of hours spent on the tasks reasonable. The Court addressed above the rates customarily charged in Kansas City, Missouri and found them to be reasonable. Given the totality of these circumstances, the Court finds the amounts sought in Plaintiff's Application proper.

**IT IS THEREFORE ORDERED** Defendant Brian J. Hart shall pay Plaintiff Christine K. Nowak $3,213.00, via her counsel, as a sanction pursuant to Fed. R. Civ. P. 37(a)(5) no later than March 25, 2022.

**IT IS SO ORDERED.**

Dated this 10th day of March, 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge